UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANK OF COMMERCE, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV428 JCH |
| ) | |
| THE BUSINESS BANK OF ST. LOUIS, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Bank of Commerce's Motion for Partial Summary Judgment, filed August 3, 2011. (ECF No. 25). The motion is fully briefed and ready for disposition.

**BACKGROUND**

On or before October 15, 2007, Defendant Business Bank of St. Louis made a loan (the "Loan") to Bridlewood Building Partners, LLC (the "Borrower"). (Plaintiff's Statement of Uncontroverted Material Facts ("Plaintiff's Facts"), ¶ 1). On or about October 15, 2007, Defendant and Champion Bank ("Champion") executed a Participation Agreement in which Defendant, as the Originating Bank, sold a Participation Interest in the Loan to Champion, as the Participating Bank. (Id., ¶¶ 2, 3). For good and valuable consideration, Defendant sold an undivided seventy-four percent ownership interest in the Loan to Champion. (Id., ¶ 5).

The Participation Agreement required Defendant to share fifty percent of the Borrower's loan payments with the Participating Bank within ten business days of Defendant's receipt of each of Borrower's loan payments, until Originating Bank's original principal balance was satisfied, at which time Participating Bank was to receive one hundred percent of the proceeds. (Plaintiff's Facts, ¶ 6). The Participation Agreement further required Defendant to allow the Participating Bank to inspect

the Originating Bank's books, records, and documents relating to the Loan, and to provide the Participating Bank with copies of all records and documents that evidenced, secured, or supported the Loan. (Id., ¶ 7). As relevant here, the Participation Agreement further contained the following provisions:

> 11.     Assignability; Right to Repurchase.  Without the prior written consent of Originating Bank, Participating Bank may not assign its obligation to fund disbursements or expenditures in connection with the Loan or sell, pledge or otherwise transfer its Participation in the Loan without first offering to Originating Bank the right to repurchase the Participation.  Originating Bank shall have no obligation to repurchase the Participation under any circumstances.  Participating Bank shall provide to Originating Bank a written agreement from a third party to purchase the Participation, and Originating Bank shall have fifteen (15) days from the receipt of such agreement to notify Participating Bank that Originating Bank will repurchase the Participation on the same terms as set out in such agreement. Participating Bank shall have the right, if Originating Bank does not notify Participating Bank that it is exercising its right to repurchase the Participation within such fifteen (15) day period, to assign or transfer the Participation to such third party.
>
> 14.     Attorney's Fees and Costs.  Each party to this Agreement shall pay its own attorneys' fees incurred in connection with the negotiation and execution of this Agreement.  If any lawsuit or proceeding is brought by either party to enforce the terms of this Agreement, the unsuccessful party agrees to pay the prevailing party's court costs and reasonable attorneys' fees incurred in bringing or defending such action.
>
> 16.     Successors and Assigns.  This Agreement shall inure to the benefit of and be binding on the successors and permitted assigns of the parties hereto.

(Participation Agreement, attached to Plaintiff's Complaint as Exh. A, P. 4).

On or about April 30, 2010, the Missouri Division of Finance closed Champion, and the Federal Deposit Insurance Corporation ("FDIC-R") was named Receiver for Champion. (Plaintiff's Facts, ¶ 10). On or about December 3, 2010, the FDIC-R transferred, granted, conveyed and assigned all of Champion's right, title and interest in the Participation Agreement to Plaintiff (the "Assignment Agreement"). (Id., ¶ 11). The FDIC-R notified Defendant that Champion's interest in

the Participation Agreement had been assigned to Plaintiff, and instructed Defendant to make payments to Plaintiff. (Id., ¶ 12).

Plaintiff has demanded that Defendant make payments to it, and has provided Defendant with a copy of the Assignment Agreement. (Plaintiff's Facts, ¶ 14). Despite such notice and demand from the FDIC and from Plaintiff, Defendant has failed and refused to make any payments to Plaintiff. (Id., ¶ 15).[1] Defendant further has refused to allow Plaintiff to inspect the loan documents, and refused to provide Plaintiff with copies of the documents that evidence, secure or support the Loan. (Id., ¶ 16).

The Borrower has made and continues to make payments on the Loan to Defendant. (Plaintiff's Facts, ¶ 17). Defendant currently is holding the payments due under the Participation Agreement, and agrees Plaintiff's share of the Borrower's loan payments exceeds $75,000.00. (Id., ¶¶ 18, 19).

Plaintiff filed its Complaint in this matter on March 9, 2011. (ECF No. 1). In Count I of its Complaint, Plaintiff asserts Defendant's failure and refusal to remit fifty percent of the loan payments to Plaintiff as the Participating Bank, and to allow Plaintiff to inspect and be provided with copies of documents relating to the Loan, constitutes a material breach of the Participation Agreement. (Id., ¶¶ 25-41). Counts II and III assert claims for Breach of Fiduciary Duty and Conversion. (Id., ¶¶ 42-68).

On March 31, 2011, Defendant filed its Answer, Affirmative Defenses, and Counterclaim. (ECF No. 8). In Count I of its Counterclaim, Defendant alleged it was entitled to money damages

---

[1] While admitting it has not paid Plaintiff, but instead has set aside the payments due to the Participating Bank under the terms of the Participation Agreement, Defendant insists that Plaintiff and the FDIC's failure to adhere to the terms of paragraph 11 of the Participation Agreement prevented the Assignment Agreement from becoming effective as a matter of law. (Defendant's Response to Plaintiff's Statement of Uncontroverted Material Facts, ¶ 15).

as the transfer, grant, conveyance and assignment of the Participation Interest to Plaintiff without first offering Defendant the right to repurchase the Participation Interest was a material breach of the Participation Agreement. (Id., PP. 11-12). In Count II, labeled Declaratory Judgment, Defendant requested that the Court require Plaintiff to disclose the price paid for the Participation Interest under the Assignment Agreement, and order that the Assignment Agreement be rescinded to allow Defendant the option to repurchase the Participation Interest pursuant to the terms of the Participation Agreement. (Id., PP. 12-13).

In an Order entered June 6, 2011, the Court dismissed Defendant's Counterclaims without prejudice, for failure to join the FDIC as a necessary party. (ECF No. 21). Although the Court granted Defendant until June 27, 2011, within which to file an Amended Counterclaim, Defendant declined to do so. (Id.).[2]

Plaintiff filed the instant Motion for Partial Summary Judgment on August 3, 2011, claiming it is entitled to judgment as a matter of law as to Defendant's liability on Count I of its Complaint for Breach of Contract. (ECF No. 25).

## **SUMMARY JUDGMENT STANDARD**

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive

---

[2] In its Order, the Court stated as follows: "Should Defendant elect to assert the same allegations as put forth in its original Counterclaim, it must add the FDIC as a Defendant to said claims." (ECF No. 21, P. 2 n. 2). According to Defendant, it made a "business decision" not to join the FDIC in this action, because the FDIC regulates Defendant's business. (Defendant's Memorandum in Response to Plaintiff's Motion for Partial Summary Judgment ("Defendant's Response"), P. 3).

law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

As stated above, Plaintiff filed the instant Motion for Partial Summary Judgment on August 3, 2011, claiming it is entitled to judgment as a matter of law as to Defendant's liability on Count I of its Complaint for Breach of Contract. (ECF No. 25). As relief, Plaintiff seeks findings that (1) the Participation Agreement is valid and enforceable, (2) Plaintiff is the assignee, owner, and entity entitled to enforce the Participation Agreement, (3) Defendant has breached the Participation Agreement by failing to make payments, and failing to allow Plaintiff to inspect the Loan documents, (4) Plaintiff is entitled to receive the Loan payments, and to inspect the Loan documents, pursuant to the terms of the Participation Agreement, (5) Plaintiff is entitled to pre-judgment interest from and

after December 3, 2010, to the date of final judgment herein, at the highest rate allowable by law, and (6) Plaintiff is entitled to its reasonable attorneys' fees and costs expended and incurred. (Id., PP. 2-3).

In its response to Plaintiff's motion, filed September 21, 2011, Defendant states as follows:

> While Defendant continues to contest the FDIC's right and authority to transfer the Participation Agreement to Plaintiff pursuant to the terms of the Assignment Agreement between the FDIC and Plaintiff dated December 3, 2010 attached as Exhibit B to Plaintiff's Complaint ("Assignment Agreement") without first giving Defendant its first right of refusal set forth in paragraph 11 of the Participation Agreement, the Defendant has made the business decision not to name the FDIC as a party to this lawsuit as required by the Court's Order dated June 6, 2011. Accordingly the Defendant consents to Plaintiff's [Motion for Partial Summary Judgment] on all issues except pre-judgment interest and Plaintiff's request for over $25,000.00 in attorney's fees. Defendant, therefore, files its Response herein for the sole purpose of challenging Plaintiff's right to attorney fees and interest in this action.

(Defendant's Response, P. 1). In light of this assertion, the Court finds Defendant concedes the following: (1) that the Participation Agreement is valid and enforceable; (2) that Plaintiff is the assignee, owner, and entity entitled to enforce the Participation Agreement; (3) that Defendant has breached the Participation Agreement by failing to make payments, and failing to allow Plaintiff to inspect the Loan documents[3]; and (4) that Plaintiff is entitled to receive the Loan payments, and to inspect the Loan documents, pursuant to the terms of the Participation Agreement. The Court thus turns to a discussion of whether Plaintiff is entitled to pre-judgment interest from and after December

---

[3] Later in its response, Defendant asks that the Court find it has not breached the Participation Agreement. (Defendant's Response, P. 4). Defendant offers no support for its request, however, and in light of Defendant's admissions that Plaintiff is the assignee, owner and entity entitled to enforce the valid Participation Agreement, and that Defendant has refused to make the loan payments or allow Plaintiff to inspect the Loan documents, the Court agrees with Plaintiff that Defendant has in fact breached the terms of the Participation Agreement.

3, 2010, to the date of final judgment herein, at the highest rate allowable by law, and to its reasonable attorneys' fees and costs expended and incurred.

As support for its contention that Plaintiff is not entitled to recoup its interest and attorneys' fees in this matter, Defendant notes paragraph 14 of the Participation Agreement provides for the recovery of attorneys' fees by a prevailing party only when a lawsuit or proceeding is brought to enforce the terms of the Participation Agreement itself. (Defendant's Response, P. 2). Defendant maintains that because this litigation concerns the validity of documents collateral to the Participation Agreement, namely, the Assignment Agreement entered into between Plaintiff and the FDIC-R, interest and attorneys' fees are not allowed. (See Id. ("The question before the Court is whether the FDIC rightfully and legally transferred the Participation Agreement without first giving Defendant its right of first refusal as set forth in paragraph 11 of the Participation Agreement...")).

Upon consideration, the Court finds that contrary to Defendant's assertion, the question of whether the FDIC rightfully and legally transferred the Participation Agreement without first allowing Defendant its right of first refusal is not before the Court. Instead, the Court finds Defendant implicitly conceded the validity of the transfer pursuant to the Assignment Agreement, by admitting that Plaintiff is the assignee, owner, and entity entitled to enforce the Participation Agreement, to receive the Loan payments, and to inspect the Loan documents.[4] Furthermore, the Court holds that with Count I of its Complaint Plaintiff clearly seeks to enforce the terms of the Participation Agreement itself, rather than any collateral document. (See, e.g., Compl., ¶ 36 ("Defendant's failure and refusal to remit fifty percent of the Loan payments to Plaintiff is a material breach of the Participation Agreement."); and ¶ 39 ("Defendant's failure and refusal to allow Plaintiff to inspect

---

[4] As further support for its finding, the Court again notes that Defendant declined to reassert its Counterclaim challenging the validity of the Assignment Agreement after the Court dismissed the same without prejudice.

and failure and refusal to provide Plaintiff with copies of documents relating to the Loan is a material breach of the Participation Agreement.")). Under these circumstances, and because Defendant consented to Plaintiff's motion on all issues except the award of pre-judgment interest and attorneys' fees, the Court finds Plaintiff is the prevailing party in a lawsuit brought to enforce the terms of the Participation Agreement, and thus is entitled to recover interest and reasonable attorneys' fees.[5]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment (ECF No. 25) is **GRANTED**, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **Thursday, October 20, 2011**, within which to file a motion detailing all requested attorneys' fees and costs, together with supporting documentation. Defendant is granted until **Friday, October 28, 2011**, within which to file its response to Plaintiff's motion.

Dated this __6th__ day of October, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[5] The Court will not award attorneys' fees in the amount requested by Plaintiff at this time, however, as Plaintiff fails to present supporting documentation.